134    APPELLATE COURTS OF ILLINOIS.

Watson Fireproof Window Company v. Rysdon, 189 Ill. App. 134.

## Watson Fireproof Window Company, Defendant in Error, v. E. A. Rysdon, trading as E. A. Rysdon and Company, Plaintiff in Error.

### Gen. No. 19,594. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Action of the fourth class in the Municipal Court of Chicago by Watson Fireproof Window Company against E. A. Rysdon, trading as E. A. Rysdon and Company, to recover $262.46 alleged to be a balance of minimum royalties due under a written contract. The cause was heard by the court without a jury and the issues were found for the plaintiff. To reverse a judgment entered on the finding for the amount of plaintiff's claim, defendant prosecutes a writ of error.

It appeared that the plaintiff, a New York corporation, was the owner of letters patent from the United States Government for an improvement in fireproof windows, and that it entered into a written "license contract" with the defendant, dated September 1, 1910. The contract was signed at Chicago, Illinois, and was in substance as follows: Licensor grants to licensee shoprights to manufacture at his factory and elsewhere, windows embodying the invention of said letters patent and the right to sell the same throughout the United States and territories; licensee agrees to keep books of account of each window made and sold and that such books may be inspected by licensor; agrees to make bimonthly reports and pay royalties; agrees to pay two cents per square foot of window area upon each window made and sold; acknowledges the validity of said letters patent; agrees that he will not make or sell any windows resembling said patented window nor place the same in unfair competi-

tion with the licensed window; agrees to pay as a minimum royalty $300 per year, payable bimonthly; the agreement contemplated the vigorous assertion of said patent against infringers, to the end that the licensee would be protected and the licensor agreed that it would institute all necessary suits and prosecute the same to conclusion, etc.

Defendant urged as ground for reversal: (a). That the plaintiff, at the time the said contract was executed, was a foreign corporation, doing business in this State, without having complied with the statute of this State requiring foreign corporations to obtain a license before doing business in this State, and as a consequence thereof, said contract was void and no action can be maintained thereon; (b) that the plaintiff did not make out a case against the defendant, even if the contract were a valid one, since it failed to prove that the defendant was making the patent device in question; (c) that, even if the contract were a valid one, the plaintiff ought not to recover under said contract, for the reason that it breached the contract first, in that it did not protect the defendant against infringers, and permitted several firms to make its alleged patent device without interference or prosecution by suits against them; that when it did sue certain infringers it failed to prosecute such suits to a conclusion. The last two contentions were held to be without merit without discussing the evidence.

J. H. PERKINSON, for plaintiff in error.

BELL & CROSS, for defendant in error; DELBERT A. CLITHERO, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 710*—*what does not constitute doing business in violation of Foreign Corporation Act.* A foreign corporation by entering into a single written contract signed in the city of Chicago

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

whereby it granted to the licensee the right to manufacture at his factory and elsewhere certain fire windows embodying an invention owned by the corporation, and also granted the right to sell the same throughout the United States and territories, the corporation to be paid royalties and a certain sum per square foot of the area of each window sold, *held* not to constitute doing business in this State in violation of the Foreign Corporation Act of 1905, J. & A. ¶ 2531.

2. CORPORATIONS, § 710*—*effect of single act of business as violation of Foreign Corporation Act.* The doing of a single act of business in this State does not constitute a violation of the Foreign Corporation Act of 1905, requiring foreign corporations to obtain a license in this State.